# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1858V**
UNPUBLISHED

|  |  |
|---|---|
| KARA HINKLEY, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 30, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Chad Ray Donnahoo, Brian Elston Law, Asheville, NC, for petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On December 9, 2019, Kara Hinkley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her September 10, 2018 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 29, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer on Compensation at 1. Specifically, Respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> [m]edical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the petition and medical records filed in this case, as well as the relevant medical literature regarding petitioner's alleged injury. Based on that review, DICP concluded that petitioner suffered a Table SIRVA. No other causes for petitioner's SIRVA were identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, the statutory six month sequela requirement has been satisfied. *See id.* § 300aa-11(c)(D)(I). Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 4 (footnote omitted).  Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i). Petitioner avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury. *See* 42 U.S.C. §§ 300aa-11(a)(5) and -11(c)(1)(E); Am. Pet. at 2.

*Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master